## Great American Tea Company v. Levine.

*J. I. Myers*, for appellant; no appearance for appellee.

LEACH, J., June 25, 1930.—The transcript states that plaintiff, being "sworn, states that there is due and justly owing to plaintiff by the defendant the sum of $54.75 for damages to a truck owned by the Great American Tea Company by defendant's automobile. The defendant appears, but denies this charge." After hearing, the judgment was given against the defendant in the sum of $54.75 and the costs of the suit. Defendant took a certiorari and excepted on the ground that the transcript did not show jurisdiction of the alderman and that judgment was defective, being for costs of the suit. As to the latter objection, as the costs of the suit were not reckoned and added to the judgment, it may be treated as mere surplusage.

As to the other exception, the alderman has jurisdiction in trespass, but not in negligence or trespass on the case. There is nothing in the transcript to show whether the damages were the direct result of the plaintiff's act or whether they included consequential damages. Neither did the plaintiff follow section 1208 of the Vehicle Code of May 1, 1929, P. L. 905, which provides for jurisdiction to the alderman as follows:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace in the county wherein the alleged damages were sustained, if the plaintiff has had said damages repaired, and shall produce a receipted bill for the same, properly sworn to by the party making such repairs or his agent. . . ."

The record is silent as to the county in which the accident occurred, and also as to the production of a receipted bill for repairing the damages, "properly sworn to."

Now, June 25, 1930, judgment reversed.

From William A. Wilcox, Scranton. Pa.